**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JACK FERRELL,<br>        Appellant, | DOCKET NUMBER<br>SF-0353-14-0344-B-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>        Agency. | DATE: June 29, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Guillermo Mojarro</u>, Upland, California, for the appellant.

<u>Scott L. Zielinski</u>, Esquire, Long Beach, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1        The appellant has filed a petition for review of the remand initial decision, which denied his request for restoration.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the Board's decision in *Cronin v. U.S. Postal Service*, 2022 MSPB 13, clarify that the appeal is being dismissed for lack of jurisdiction rather than denied on the merits, and VACATE the administrative judge's findings regarding the appellant's discrimination and retaliation claims, we AFFIRM the initial decision.

## BACKGROUND

¶2    The agency employed the appellant as a Laborer Custodial at the Lakewood Post Office in Lakewood, California. *Ferrell v. U.S. Postal Service*, MSPB Docket No. SF-0353-14-0344-I-1, Initial Appeal File (IAF), Tab 5 at 36. He sustained an on-the-job injury in February 2000. *Id.* at 27, 32. In December 2013, he submitted a handwritten note to the Lakewood Postmaster indicating that he wished to return to work at the agency's Los Angeles Customer Call Center (LACCC) with reasonable accommodation. IAF, Tab 1 at 9, Tab 5 at 35. Thereafter, on or about February 6, 2014, he asked that his note be forwarded to the agency's District Reasonable Accommodation Committee for assistance. IAF, Tab 5 at 34. On February 19, 2014, the appellant's doctor completed a Form CA-17 (Duty Status Report) that cleared him to resume work within certain medical restrictions. *Id.* at 32. The appellant forwarded the Duty Status Report to the agency, which it received on February 26, 2014. *Id.* In a

letter dated April 25, 2014, the agency notified the appellant that there was no work available for him within his medical limitations. IAF, Tab 23 at 88. On April 29, 2014, the Office of Workers' Compensation Programs (OWCP) determined that the appellant had fully recovered from his work-related injury, effective that date. IAF, Tab 22 at 8-11.

¶3    The appellant filed a Board appeal, claiming that the agency improperly denied his restoration request and discriminated against him. IAF, Tabs 1, 4. In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 39, Initial Decision (ID) at 1. She found that the appellant failed to nonfrivolously allege that the agency arbitrarily or capriciously denied him restoration. ID at 6-8. In particular, she found no indication that the agency's job search was geographically or otherwise inadequate. ID at 7. She further found that, absent an otherwise appealable action, the Board lacked jurisdiction over his claims of discrimination. ID at 8.

¶4    The appellant filed a petition for review of the initial decision, challenging the administrative judge's findings. *Ferrell v. U.S. Postal Service*, MSPB Docket No. SF-0353-14-0344-I-1, Petition for Review (PFR) File, Tab 1. The Board vacated the initial decision and remanded the appeal, finding that he made nonfrivolous allegations of jurisdiction entitling him to a hearing. *Ferrell v. U.S. Postal Service*, MSPB Docket No. SF-0353-14-0344-I-1, Remand Order (July 21, 2016) (Remand Order); PFR File, Tab 5, Remand Order. Specifically, the Board found that the appellant made a nonfrivolous allegation that his denial of restoration was arbitrary and capricious when he claimed that the agency improperly failed to search the LACCC when it performed its search for available work. Remand Order, ¶¶ 6-7. The Board also found that the agency's obligation to make efforts to restore the appellant to employment as a partially recovered employee ended on April 29, 2014, when he fully recovered from his work-related injury. Remand Order, ¶¶ 8-9.

¶5      On remand, the administrative judge held a hearing and issued a remand initial decision. *Ferrell v. U.S. Postal Service*, MSPB Docket No. SF-0353-14-0344-B-1, Remand File (RF), Tab 46, Tab 47, Remand Initial Decision (RID). She found that the agency's failure to place the appellant in a rehabilitation position at the LACCC was not arbitrary and capricious because the appellant did not meet the criteria for such a position under the Memorandum of Understanding (MOU) between the agency and his union and that, even if he did meet the criteria, there were no available vacant positions during the relevant time period. RID at 5-10. She defined the relevant time period for determining whether the agency acted arbitrarily and capriciously as being between February 26, 2014 (the date the agency received the appellant's Duty Status Report), and April 29, 2014 (the date he fully recovered from his work-related injury). RID at 11-13. She further found that the agency performed a proper search for available work within his medical restrictions during that time period. RID at 13-18. Finally, she found that he failed to prove his claims of disability, race, and age discrimination and retaliation for engaging in prior equal employment opportunity (EEO) activity. RID at 18-25. Accordingly, she denied his restoration request. RID at 26.

¶6      The appellant has filed a petition for review of the remand initial decision. *Ferrell v. U.S. Postal Service*, MSPB Docket No. SF-0353-14-0344-B-1, Remand Petition for Review (RPFR) File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant failed to establish jurisdiction over his restoration appeal.</u>

¶7      The Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious. *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1103–04 (Fed. Cir. 2011), *modified in part by regulation as stated in Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 10 (2016); 5 C.F.R. § 353.304(c). Pursuant to the law and regulations in effect at the time this appeal was filed, to establish jurisdiction

over a restoration appeal as a partially recovered individual, the appellant must prove the following by preponderant evidence: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious. *Bledsoe*, 659 F.3d at 1104; *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012), *overruled on other grounds by Cronin*, 2022 MSPB 13, ¶¶ 20-21.[2] It is undisputed that the appellant meets the first three jurisdictional criteria. RID at 13. Therefore, the dispositive inquiry here is whether the appellant showed that the denial of his restoration request was arbitrary and capricious.

¶8        After the administrative judge issued the remand initial decision in this appeal, the Board issued a decision clarifying the fourth jurisdictional criterion in partial restoration appeals. *Cronin*, 2022 MSPB 13. In *Cronin*, the Board found that a denial of restoration is arbitrary and capricious if—and only if—the agency failed to meet its obligations under 5 C.F.R. § 353.301(d). *Id.*, ¶ 20. The Board explicitly overruled *Latham* and its progeny to the extent such precedent held that a denial of restoration may be arbitrary and capricious based on an agency's failure to comply with its self-imposed restoration obligations, such as those provided in the agency's Employee and Labor Relations Manual (ELM). *Id.* Accordingly, under *Cronin*, the Board's sole inquiry in an appeal alleging an arbitrary and capricious denial of restoration to a partially recovered employee is whether the agency complied with its obligation under 5 C.F.R. § 353.301(d) to

---

[2] *Bledsoe* and *Latham* both apply the "preponderant evidence" standard, rather than the new "nonfrivolous allegation" standard. The new standard applies only in cases filed on or after March 30, 2015. Practices and Procedures, 80 Fed. Reg. 4489, 4496 (Jan. 28, 2015) (codified in pertinent part at 5 C.F.R. § 1201.57). Because the appellant filed his appeal prior to March 30, 2015, the new standard is inapplicable, and he must prove jurisdiction by preponderant evidence.

search within the local commuting area for vacant positions to which it can restore the employee and to consider him for any such vacancies. *Id.*

¶9   Here, the administrative judge found that the agency conducted its first search for available positions within the appellant's medical restrictions on March 3-4, 2014, and that it conducted a second search on April 21-22, 2014. RID at 13. She found that the agency searched a 50-mile radius and that it utilized a broad search, placing no limitations in terms of tours or crafts. RID at 13-14. She further found that the appellant did not challenge the scope of the local commuting area or proffer any evidence that the agency's 50-mile radius search failed to encompass his local commuting area. RID at 13 (citing *Boutin v. U.S. Postal Service*, 115 M.S.P.R. 241, ¶ 16 (2010)). The appellant has not challenged these findings on review, and we discern no basis to disturb them.

¶10   Rather, the appellant continues to argue on review that the denial of restoration was arbitrary and capricious because there was available work for him in the form of vacant rehabilitation assignments at the LACCC. RPFR File, Tab 3 at 6-14. He claims for the first time on review that, contrary to the administrative judge's finding, he met the criteria for one of those assignments. *Id.* at 7, 13.

¶11   Under *Cronin*, the agency is required only to search for vacant positions to which it can restore a partially recovered employee and to consider him for any such vacancies. *Cronin*, 2022 MSPB 13, ¶ 20. Therefore, even if the appellant met the criteria for a rehabilitation assignment, any alleged failure of the agency to search for vacant rehabilitation assignments that do not constitute the essential functions of an established position does not constitute a violation of 5 C.F.R. § 353.301(d) under the clarified standard. RPFR File, Tab 3 at 7, 13, 17; *see Cronin*, 2022 MSPB 13, ¶ 20. Moreover, even if the alleged rehabilitation assignments did constitute the essential functions of established positions, which the appellant does not allege, the administrative judge found, based on her thorough examination of the record evidence, that all positions at the LACCC either were filled or were required to be held vacant pending a suitability

determination by OWCP during the relevant time period. RID at 10; RF, Tab 25 at 10. The appellant's mere disagreement with this well-reasoned finding provides no basis to disturb it.[3] *See Diggs v. Department of Housing and Urban Development*, [114 M.S.P.R. 464](#), ¶ 8 (2010). Finally, to the extent that the appellant argues that the agency violated the ELM and the MOU when it failed to offer him a rehabilitation assignment at the LACCC, an agency's failure to comply with its self-imposed obligations, such as the ELM and the MOU, cannot itself constitute a violation of [5 C.F.R. § 353.301](#)(d) such that a resulting denial of restoration would be rendered arbitrary and capricious for purposes of establishing Board jurisdiction under [5 C.F.R. § 353.304](#)(c). RPFR File, Tab 3 at 7-14; *see Cronin*, [2022 MSPB 13](#), ¶ 20.

¶12    The appellant further argues that the agency failed to fully disclose evidence he sought in discovery concerning the rehabilitation assignments at the LACCC. RPFR File, Tab 3 at 6. The appellant did not file a motion to compel such evidence, however, and his failure to file such a motion below precludes him from raising the issue on review. *See Szejner v. Office of Personnel Management*, [99 M.S.P.R. 275](#), ¶ 5 (2005), *aff'd,* 167 F. App'x 217 (Fed. Cir. 2006). In any event, the evidence he seeks is not relevant to the dispositive issue here, i.e., whether the agency met its minimum obligations under [5 C.F.R. § 353.301](#)(d). *See Cronin*, [2022 MSPB 13](#), ¶ 20.

¶13    In addition, we have reviewed the appellant's alleged new evidence submitted on review and have determined that it is either contained in the record

---

[3] For instance, the appellant claims, as he did below, that he was aware of 14 vacant rehabilitation assignments because he knew of 14 people who had rejected rehabilitation assignment offers. RPFR File, Tab 2 at 6; IAF, Tab 4 at 6-8, Tab 6 at 5. However, as the administrative judge explained, any rehabilitation assignment offer that was made but not accepted was referred to the Department of Labor for a suitability determination and that assignment was required to be kept available for the individual pursuant to OWCP requirements pending a determination. RID at 7, 10. Accordingly, this argument provides no basis to disturb the administrative judge's finding that the search yielded no available, vacant positions to which the appellant could be restored.

below or is not material to his appeal.  RPFR File, Tab 3 at 15-18; RF, Tab 12 at 7-8.  Therefore, it provides no basis to disturb the administrative judge's findings.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision); *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (holding that evidence that is already a part of the record is not new).

¶14    In sum, the administrative judge found, and we agree, that the agency properly searched within the local commuting area for vacant positions to which it could restore the appellant but that there were no available positions.  RID at 12-18.  Therefore, we find that the agency has fulfilled its minimum obligations under 5 C.F.R. § 353.301(d) and that the appellant has failed to show that his denial of restoration was arbitrary and capricious.  Accordingly, we find that the Board lacks jurisdiction over the appellant's partial restoration appeal.

¶15    Absent an otherwise appealable action, we also lack jurisdiction to address the appellant's claims of discrimination and retaliation.  *See Cronin*, 2022 MSPB 13, ¶ 22.  We therefore vacate the administrative judge's findings concerning the appellant's claims of disability, race, and age discrimination and retaliation for engaging in prior EEO activity.  RID at 18-25.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for
_____

                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.